# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter:    11 |
| | ) | |
| Fresh N Pure Distributors, Inc., | ) | Case No.:    12-44450 |
| | ) | |
| | ) | Judge:    Hon. Pamela S. Hollis |
| Debtor. | ) | |

## NOTICE OF MOTION TO CONFIRM
## SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

TO:   See attached Service List

Please take notice that on January 28, 2014 at 10:30 a.m., we shall appear before the Honorable Judge Pamela S. Hollis or any judge sitting instead, in Courtroom No. 644 in the United States Bankruptcy Court, for the Northern District of Illinois, Eastern Division, located at 2l9 South Dearborn, Chicago, Illinois, and present the attached Motion to Confirm Second Amended Chapter 11 Plan of Reorganization, a copy of which is hereby served upon you.

/s/ Joshua D. Greene /s/
One of the Attorneys

Joshua D. Greene
Archer Bay, P.A.
1500 Eisenhower Lane
Suite 800
Lisle, Illinois 60532
(630) 434-2789

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail on January 21, 2014

/s/ Joshua D. Greene /s/

**Service List**

Patrick S Layng
Office of the U.S. Trustee
219 S Dearborn St , Room 873
Chicago, IL  60604
*(Via Electronic Service)*
USTPRegion11.ES.ECF@usdoj.gov

**Charles T Coleman**
Wright Lindsey & Jennings LLP
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201
ccoleman@wli.com

**Geoffrey S. Goodman**
Foley & Lardner LLP
321 N. Clark Street , Suite 2800
Chicago, IL 60654
ggoodman@foley.com

**Jonathan N Rogers**
Stitt, Klein, Daday, Aretos, et al
2550 W. Golf Rd.
Suite 250
Rolling Meadows, IL 60008
jrogers@skdaglaw.com

D. Patrick Mullarkey
Tax Division
PO Box 55, Ben Franklin Station
Washington, DE  20044

United States Attorney
219 S. Dearborn St.
Chicago, Ill. 60604

Associate Area Counsel, SB/SE
Internal Revenue Service
200 W. Adams St., Ste. 2300
Chicago, IL 60606

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph Street
Chicago, IL 60602

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0338

Illinois Department of Revenue
100 W. Randolph, St. 7-499
Chicago, IL 60601

AT&T
P.O. Box 8100
Aurora, IL 60507-8100

Capital One Bank USA NA by
American Infosource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

Carroll Law Offices, P.C.
Attn.: Mark J. Carroll, Esq.
510 S. Batavia Avenue, 3rd Floor
Batavia, IL 60510

Cbeyond
13474 Collections Center Drive
Chicago, IL 60693

Cintas #22
1025 National Parkway
Schaumburg, IL 60173

Citrus Systems Madison LLC
Janet Adamo - Citrus Systems Madison
2001 S. Butterfield Road Suite 600
Downers Grove, IL 60515-1289

Corkill Insuranc Agency, Inc.
25 Northwest Pt. Blvd., Ste. 625
Elk Grove Village, IL 60007

Dean Foods of Wisconsin, LLC
c/o Geoffrey S. Goodman
Foley & Lardner LLP
321 N. Clark St., Ste. 2800
Chicago, IL 60654

Dean Foods of Wisconsin, LLC
2101 Delafield St.
Waukesha, WI 53188

Dean Foods of Wisconsin, LLC
2711 North Haskell Avenue
Suite 3400
Dallas, TX 75204

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Deutsch's Truck & Diesel Repair
625 W Roosevelt Road
West Chicago, IL 60185

EMD
P.O. Box 87407
Carol Stream, IL 60188-7407

F&J, LLC

Florida Fruit Juices Inc
7001 West 62nd Street
Chicago, IL 60638

Foley & Lardner
Attn: Roberta F. Howell
150 East Gilman St., PO Box 1497
Madison, WI 53701

Godfrey Kahn
780 North Water Street
Milwaukee, WI 53202

Heritage FS Inc
c/o Bradley J Waller
2045 Aberdeen Court
Sycamore, IL 60178

Heritage FS Inc 37
PO Box 339
Gilman, IL 60938

Hinshaw Culbertson
8142 Solutions Center Drive
Chicago, IL 60677-8001

Hitachi Capital America Corp.
21925 Network Place
Chicago, IL 60673-1219

ICW Group
11455 El Camino Real
San Diego, CA 92130-2045

ICW Group
11455 El Camino Real
San Diego, CA 92130-2045

Illinois Department of Employment Security
33 South State Street
Chicago, Illinois 60603

Attn: Bankruptcy Unit - 10th flr.
Illinois Department of Revenue
P.O. Box 19035
Springfield, IL 62794-9035

Muller-Pinehurst Dairy Inc & Prairie
Farms Fairy Inc c/o Charles T Coleman
Wright Lindsey & Jennings LLP
200 West Capitol Avenue Suite 2300
Little Rock, AR 72201

Mussman's Back Acres, Inc.
9998 N. 16000E Road
Grant Park, IL 60940

National Bank of the Great Lakes
c/o Blatt Hasenmiller FI
25 S Wacker Dr #400
Chicago, IL 60606

Novamex
500 West Overland Street
Suite 300
El Paso, TX 79901

Osco Incorporated
13161 W. 143rd St. #202
Homer Glen, IL 60491

PACCAR Financial Corp
PO Box 1518
Bellevue, WA 98009

Paccar Financial Corp.
P.O. Box 642945
Pittsburgh, PA 15264-2945

Pitney Bowes
P.O. Box 371887
Pittsburgh, PA 15250-7887

Prairie Farms
2110 Ogilby Road
Rockford, IL 61102

Principal Life Group
P.O. Box 14513
Des Moines, IA 50306-3513

Sprint
P.O. Box 8077
London, KY 40742

Sprint Nextel
Sprint Nextel - Correspondence
Attn Bankruptcy Dept
PO Box 7949
Overland Park KS 66207-0949

St. Charles Bank & Trust Co.
Loan Department
411 W. Main Street
Saint Charles, IL 60174

St. Charles Bank & Trust Co.
c/o Klein, Daday, Aretos & O'Donoghue, L
2550 W. Golf Rd., Suite 250
Rolling Meadows, IL 60008

Sundance Beverage Company
National Beverage Corp
8100 SW 10th St Suite 4000
Fort Lauderdale, Fl 33324


Sundance Beverage Company
6600 East Nine Mile Road
Warren, MI 48091

Supreme, Ltd.
1219 Dogwood Lane
Bartlett, IL 60103

Tredroc Tire Services
P.O. Box 1248
Bedford Park, IL 60499

Triple X Transport Refridgeration
Service Inc
321 N.E. Industrial Drive
Aurora, IL 60505

United Healthcare
Dept CH 10151
Palatine, IL 60055-0151

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Chapter: | 11 |
| | ) | | |
| Fresh N Pure Distributors, Inc., | ) | Case No.: | 12-44450 |
| | ) | | |
| | ) | Judge: | Hon. Pamela S. Hollis |
| Debtor. | ) | | |

## DEBTOR'S MOTION TO CONIRM SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

NOW COMES **Fresh N Pure Distributors, Inc.** ("Debtor"), debtor in possession, by and through counsel Joshua D. Greene of the firm of Archer Bay, P.A., pursuant to 11 U.S.C. §1129(b), and submits it Motion to Confirm Second Amended Chapter 11 Plan of Reorganization, and in support thereof, states as follows:

### Introduction

1. This case was commenced on November 8, 2012 when the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee has been appointed.

2. Debtor continues to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. Debtor is a supplier of dairy products, having been in business since 1993. It was forced to file the present bankruptcy proceeding due to litigation with its former supplier Dean Foods of Wisconsin.

4. On November 1, 2013, the Debtor filed its Second Amended Plan of Reorganization (the "Plan"), which proposed to pay general unsecured creditors 14.5% of their

allowed claims over a five year period. Unsecured creditors consist of only one class in the Plan, Class 5.

5. The Plan also sought to pay at least two impaired classes of creditors with claims senior to the general unsecured creditors over a period of five years. First, Prairie Farms, who held a Class 2 administrative claim in the amount of $255,714.32, although entitled to be paid in full as of the effective date, agreed to accept payments over a five year period, with the exception that they be paid any of the proceeds of the auction of the Debtor's stock and any amounts being held by the Debtor after payments made on the effective date of the plan. Second, St. Charles Bank and Trust, the Debtor's primary secured lender and holder of a Class 3 claim, in the amount of $205,453.46 was to be paid over a five year period pursuant to the terms of the Plan. St. Charles Bank and Trust is impaired under the Plan because the term of its loan had matured before the filing of the bankruptcy petition and it was entitled to payment in full immediately. *See* 11 U.S.C. §1124

6. According to the Ballot Report, the Plan was accepted by both Class 2 and Class 3, but was rejected by Class 5, largely due to the vote of Dean Foods of Wisconsin that rejected the Plan. No objections were filed to the Plan or adequacy of the Disclosure Statement.

7. By this Motion, Debtor requests that the court confirm the Plan over the rejection of Class 5 pursuant to Section 1129(b) of the Bankruptcy Code.

**Argument**

8. Section 1129(a) of the Bankruptcy Code sets forth certain requirements that must be met before the court can confirmation a plan of reorganization, one of which, as set forth in Section 1129(a)(8) requires that each class of claims accept the plan. However, the plan may be confirmed despite the rejecting class, or "crammed down" on the objecting class pursuant to

Case 12-44450    Doc 131    Filed 01/20/14    Entered 01/20/14 16:31:14    Desc Main
          Document      Page 9 of 13


Section 1129(b) if all of the requirements of Section 1129(b) are met. Section 1129(b)(1) provides that "Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan."

**I.      All Requirements of 1129(a) Are Met Except Section 1129(a)(8)**

    **A.      1129(a)(1) and (a)(2)-The Plan Complies With All Applicable Provisions of the Code.**

9.      The Plan submitted herein complies with all of the applicable provisions of the Bankruptcy Code, including Sections 1122 and 1123. The Plan properly classifies all claims into separate classes pursuant to Section 1122 and contains all of the necessary provisions required by Section 1123(a) of the Code. Additionally, the Plan has some discretionary provisions as allowed by Section 1123(b) of the Code.

    **B.      1129(a)(3)-Plan Has Been Proposed in Good Faith**

10.      The Debtor's Plan has been proposed in good faith. As indicated by the attached financial statements, the Plan pays creditors much more than they would receive in a hypothetical liquidation, including all of the Debtor's projected disposable income over the next five years. Numerous financial documents are attached to support the projections and the court can take judicial notice of the Debtor's monthly income and expenses as set forth on its monthly operating reports and its monthly operating report recap attached to the Disclosure Statement.

### C.    1129(a)(4)-All Payments of Professional Fees Approved by the Court

11.    The Debtor has not paid any professional fees associated with the case that have not been approved by the court. Nor does the Debtor propose to pay any professional fees without approval of the court. The Debtor's estimates provided on the Disclosure Statement estimate that sufficient funds will be remaining in its DIP account as of the Effective Date of the Plan to pay any professional fees accrued and approved by the court.

### D.    1129(a)(5)-All Insiders Have Been Identified In the Plan

12.    Section 1129(a)(5) requires disclosure of all directors and officers who will be employed by the reorganized Debtor, as well as their salaries. The Plan provides that the Debtor will employ Joseph and Fred Purpura to the same positions they were employed prior to confirmation of the Plan, and sets forth their annual salaries.

### E.    1129(a)(7)-Creditors Will Receive More Through the Plan Than a Hypothetical Chapter 7 Liquidation

13.    Attached to the Disclosure Statement is a liquidation analysis that sets forth the amounts that would be received if the Debtor were liquidated in a hypothetical chapter 7 liquidation proceeding. The Debtor's primary secured creditor is St. Charles Bank and Trust who holds a UCC lien on substantially all of the Debtor's assets. If the Debtor were liquidated, St. Charles Bank and Trust would receive most of the proceeds. Any amounts left would be distributed to administrative claimants or the priority claims of the IRS and Illinois Department of Revenue. Thus, the amounts paid to unsecured creditors under the terms of the Plan are much more than unsecured creditors would receive in a chapter 7 liquidation.

### F.  1129(a)(9)-All Administrative Claims and Taxes Are to Be Properly Paid

14. All administrative claims are to be paid in full as of the effective date of the Plan, except for the claim of Prairie Farms, who has agreed to accept payments over a five year period, with the exception that it is to receive all of the proceed of the sale of the Debtor's stock and any amounts left as of the effective date after other administrative claims are paid. Additionally, the Plan provides that all taxes are to be paid in full not later than 5 years from the date of the order of relief in accordance with Section 1129(a)(9)(C).

### G.  1129(a)(10)-At Least One Class of Impaired Claims Has Accepted the Plan

15. The Plan meets the requirements of Section 1129(a)(10) because at least one class of impaired claims has accepted the Plan. As previously indicated both Class 2 and Class 3, each of which is impaired, have accepted the Plan.

### H.  1129(a)(11)-Confirmation Not Likely to be Followed By Liquidation Or Further Reorganization.

16. Confirmation of the Plan is not likely to be followed by a liquidation or other reorganization proceeding. As set forth in the Debtor's five year projections, there is sufficient income to make all payments required under the Plan. Additionally, the court can take judicial notice of the Debtor's performance as set forth in its monthly operating reports on file, and as set forth in the monthly operating report recap attached to the Disclosure Statement.

### I.  1129(a)(12)-All UST Fee to be Paid in Full on the Effective Date

17. The Plan provides that all fees of the United States Trustee are to be paid in full on the effective date. The Debtor has further demonstrated its ability to pay the United States Trustee fees throughout the time it has been in bankruptcy by making all payments in a timely manner.

## II.    The Plan Meets the Requirements of Section 1129(b)

18.    Here, the Plan meets all requirements of Section 1129(b). First, the Plan does not discriminate unfairly. The Plan places all similarly situated creditors into each class. In fact, the Plan contains only one class of general unsecured creditors. Thus, there is no attempt to gerrymander classes of creditors to achieve confirmation of the Plan.

19.    The Plan is also fair and equitable as to Class 5, the dissenting class. Section 1129(b)(2)(B), known as the "absolute priority rule" provides that a plan is fair and equitable "(B) With respect to a class of unsecured claims— (i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under section 1115 subject to the requirements of subsection (a)(14) of this section."

20.    The Plan complies with the absolutely priority rule. The equity owners of the Debtor are not to receive anything under the Plan, except that they have proposed to pay new value in the amount of $10,000 in exchange for their interest in the reorganized Debtor. The original plan simply provided for payment of $10,000 of new value without giving third parties the opportunity to place bids for the stock. However, at the request of the unsecured creditors the Debtor proposed to hold an auction for the stock, which was to occur at the confirmation hearing. The Debtor advertised the auction in the Chicago Tribune. Any person who wanted to place a bid at the auction was required to give notice to Debtor's counsel, including an earnest money check, on or before January 10, 2014. The only parties who submitted an intent to bid were Joseph and

Fred Purpura, the current owners. Thus, they will be able to purchase the stock at the auction for the $10,000 proposed to be paid in the original plan. The auction procedures assure that the fair market value of the stock is being paid. Accordingly, the Plan meets the absolute priority rule.

### Conclusion

21.     The Plan meets all requirements of Section 1129(a) of the Code except for 1129(a)(8). However, the Plan complies with Section 1129(b) and the absolute priority rule. Thus, the Plan should be confirmed despite the rejecting vote of Class 5.

**WHEREFORE**, the Debtor requests the entry of an order confirming its Second Amended Plan of Reorganization; and granting such other and further relief as the court deems equitable and just.

>   Respectfully submitted,
>   Fresh N Pure Distributors, Inc.
>
>   By: /s/ Joshua D. Greene /s/
>         One of his Attorneys

Michael J. Davis
Joshua D. Greene
Archer Bay, P.A.
1500 Eisenhower Lane
Suite 800
Lisle, Illinois 60532
(630) 434-2789